**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DERRICK D. JOYNER,<br>          Appellant, | DOCKET NUMBER<br>SF-0752-12-0176-X-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>          Agency. | DATE: April 9, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Bobbie Bowling, and Clifford H. Thomas, III, Stockton, California, for
    the appellant.

Christine J. Kim, Stockton, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

On January 27, 2015, the Board issued a nonprecedential final order finding the agency noncompliant with the Board's final order in the underlying removal appeal, MSPB Docket No. SF-0752-12-0176-I-1. *See Joyner v. Department of Defense*, MSPB Docket No. SF-0752-12-0176-C-2, Final Order (Jan. 27, 2015)

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(C-2 Final Order). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2 On May 4, 2012, the administrative judge issued an initial decision in MSPB Docket No. SF-0752-12-0176-I-1 (*Joyner I*) mitigating the appellant's removal to a 60-day suspension and ordering the agency to pay him back pay. On April 17, 2013, the Board issued a final order affirming the initial decision. *See Joyner v. Department of Defense*, MSPB Docket No. SF-0752-12-0176-I-1, Final Order (Apr. 17, 2013). The agency again removed the appellant and on March 12, 2013, the administrative judge issued an initial decision in MSPB Docket No. SF-0752-13-0075-I-1, mitigating the second removal to a 30-day suspension. On petition for review, the Board vacated the initial decision and affirmed the removal action. *See Joyner v. Department of Defense*, MSPB Docket No. SF-0752-13-0075-I-1, Final Order (May 20, 2014).

¶3 The appellant filed a petition for enforcement asserting that the agency failed to pay him back pay in accordance with the final order in *Joyner I*. Specifically, the appellant asserted that the agency failed to account for the within-grade increase (WIGI) he should have earned during the back pay period (January 27, 2012, to November 9, 2012), miscalculated the number of pay periods, and incorrectly calculated his leave as accruing at the rate of 4 hours, rather than 6 hours, per pay period. *See* C-2 Final Order at 3. The agency conceded that it failed to process the WIGI due the appellant effective April 8, 2012, failed to process his leave accrual at the correct rate, and filed evidence attempting to correct these deficiencies. *See id.* at 3-4. On August 7, 2014, the administrative judge issued a compliance initial decision finding the agency noncompliant on these two issues. *See id.* at 5.

¶4 The agency filed a petition for review. On January 27, 2015, the Board issued a nonprecedential final order affirming the compliance initial decision.

The Board found that the agency had failed to submit records demonstrating that it corrected the appellant's back pay to reflect his WIGI from April 8, 2012, to November 9, 2012. C-2 Final Order at 4. The Board further found that the agency failed to submit documentation that it corrected the appellant's annual leave accrual rate. *Id.* The matter was referred to the Board's Office of General Counsel to obtain compliance.

## ANALYSIS

¶5 When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶6 On February 18, 2015, the agency submitted the following evidence of compliance.

Within-Grade Increase (WIGI)

¶7 The agency conceded that it had inadvertently failed to apply the appellant's WIGI effective April 8, 2012, which would have raised his salary from the 04 step level to the 05 step level. MSPB Docket No. SF-0752-12-0176-X-1, Compliance Referral File (CRF), Tab 3 at 3. The agency submitted evidence that it paid the appellant the difference between what it previously had paid him (at the 04 step level) and what it should have paid him (at the 05 step level) between April 8, 2012, and November 9, 2012. *See id*. at 3-4, 29-35. The agency

also submitted evidence that it paid the appellant interest on this amount. *See id*. at 4, 35-37. The appellant did not respond.

Annual Leave

¶8 Regarding the annual leave issue, the agency asserted that the appellant was not entitled to accrue annual leave at all between November 28, 2011 (the date of his canceled first removal), and January 27, 2012 (the date his 60-day suspension ended), because he was suspended per the Board's order in *Joyner I* and was not in a pay status. CRF, Tab 3 at 1-2. The agency provided evidence that it credited or paid the appellant for the annual leave he would have accrued, at the 6 hours per pay period rate, between January 28, 2012, and November 9, 2012. *See id*. at 2-3, 7-21. The appellant did not file a response.

¶9 The Board's January 27, 2015 Final Order informed the appellant that, if he did not file a response to the agency's submissions, then the Board would assume that he was satisfied and dismiss the petition for enforcement. C-2 Final Order at 5. The appellant has not responded to the agency's evidence of compliance. Accordingly, we assume he is satisfied, find the agency fully compliant, and dismiss the petition for enforcement.

¶10 This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You

must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.